OPINION OF THE COURT
RUSSELL, Judge:
A general court-martial consisting of officer and enlisted members convicted the appellant, contrary to his pleas, of four specifications of fraternization in violation of a lawful general regulation, two specifications of maltreatment of a soldier, adultery, and indecent assault in violation of Articles 92, 93 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 893 and 934 (1988) [hereinafter UCMJ]. He was sentenced to a bad-conduct discharge, confinement for five years, and reduction to Private El. The convening authority, exercising his clemency power, reduced the confinement to two years but otherwise approved the sentence.
This case is before the court for initial review pursuant to Article 66, UCMJ, 10 U.S.C. § 866.
The appellant makes three assertions that warrant discussion: (1) the evidence is insufficient to prove the charges and specifications; (2) the military judge should have ordered the production of Private Horak as a material witness; and (3) the trial counsel’s argument was racially inflammatory. We disagree.
The appellant was assigned to the Receiving and Processing (R & P) Center for new recruits at Fort Gordon, Georgia. Soon after his assignment there, the company commander received a report from a female soldier that the appellant had made sexual advances toward her. Due to the lack of corroborating evidence, the commander did not take any action based on the report. Shortly thereafter, she received a second report of similar activity on the part of the appellant from another female soldier. Further investigation revealed that the appellant was using his official position to prey on female soldiers who were required to process through the R & P Center. Eventually, several of his victims came forward and testified at trial regarding the sexual abuse, humiliation, and maltreatment suffered at his hands.
Though each situation was different in some respects, they were similar in the way that the appellant exacted “consensual” sexual favors. The appellant would discover or conjure up some minor dereliction on the young soldier’s part and then suggest to his naive victims a way to save them from any adverse consequences. He would then suggest that for a return favor he would overlook his duty to report them. Through powerful innuendo or outright solicitation, his victims soon figured out that it was sex that he wanted and they eventually gave in to his demands. One of his tactics, used in the seduction of Private Darena, was to imply that his soon-to-be victim’s reluctance to have sex with him was because he was “black”. In this manner, he seemed to coerce sexual acts by suggesting that his victim was racially prejudiced if she did not participate. The trial counsel touched on this in her closing argument: “Private Darena ... was a victim of the accused. She was white and the accused saw that.”
I.
In determining whether the evidence is legally sufficient, the inquiry is whether, considering the evidence in the light most favorable to the government, a reasonable finder of fact could have found all the essential elements beyond a reasonable doubt. United States v. Turner, 25 M.J. 324 (C.M.A.1987) (citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The measure for factual sufficiency is “whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are ... convinced of the accused’s guilt beyond a reasonable doubt.” Turner, 25 M.J. at 325. Though the defense unsuccessfully attempted to impeach the testimony of the appellant’s victims, their testimony remained complete, internally consistent and credible to the fact finder. Accordingly, we find no basis in law or fact to disturb the findings of guilty on sufficiency grounds.
II.
The trial counsel’s reference to race in her argument was not prejudicial error. *876 Counsel, in their findings arguments, are permitted to make “reasonable comment on the evidence in the case, including inferences to be drawn therefrom”. Rule for Courts-Martial 919(b). The appellant brought the issue of race into these proceedings when he chose to persuade this victim into having sex with him by playing on the powerful common fear of being portrayed as racially bigoted. Accordingly, we find that trial counsel’s comment was no more than a measured reference to relevant evidence that the appellant had relied on his racial identity to maltreat a soldier. That evidence was important to understand the victim’s acquiescence. Cf. United States v. Thompson, 37 M.J. 1023 (A.C.M.R.1993).
III.
The military judge did not err by denying the appellant’s request for the production of Private Horak. Private Horak’s expected testimony, present in the record as a proposed stipulation, related how she had erroneously used the name of the appellant when describing another person who had engaged in unlawful sexual conduct with her. She later corrected the error. There is nothing in the proposed stipulation that is relevant to any matters raised by the government’s rebuttal. Accordingly, we agree with the government’s contention that the trial court did not abuse its discretion in failing to permit the testimony in surrebuttal. See United States v. Wirth, 18 M.J. 214, 218 (C.M.A.1984); United States v. Glass, 709 F.2d 669 (11th Cir.1983).
We have considered the remaining assertions of error, to include those raised personally by the appellant pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), and find them to be without merit.
The findings of guilty and the sentence are affirmed.
Senior Judge WERNER and Judge LANE concur.