UNITED STATES of America, Appellee,

v.

Malcolm BOURGEOIS, Appellant.

No. 83–2649.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1984.

Decided Oct. 9, 1984.

Robert S. Blatt, Fort Smith, Ark., for appellant.

Deborah J. Groom, Asst. U.S. Atty., Fort Smith, Ark., for appellee.

Before LAY, Chief Judge, FAIRCHILD,[*] Senior Circuit Judge, and McMILLIAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Malcolm Bourgeois appeals from a final judgment entered in the District Court[1] for the Western District of Arkansas upon a jury verdict finding him guilty of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced appellant to ten years in prison, three years on special parole and a $10,000 fine. For reversal appellant argues that the district court erred in (1) denying his motion to suppress physical evidence, (2) denying his motion to suppress an oral statement, (3) denying his motion for individual and separate voir dire and for a mistrial, (4) admitting evidence of other crimes, and (5) denying his motion for a continuance or a mistrial following the government's failure to disclose exculpatory evidence. For the reasons discussed below, we affirm the judgment of the district court.

In August 1983, appellant agreed to sell three kilos of cocaine for $60,000 per kilo to undercover state narcotics investigator Roger Ahlf. Appellant was to deliver one kilo in Fort Smith and examine the purchase money; Ahlf would then fly to New York to pick up the two remaining kilos. On August 24, 1983, appellant and Ahlf met at a club in Fort Smith and then went to a local motel where appellant examined the purchase money. Appellant then drove Ahlf in a white 1980 Lincoln Continental to another local motel. In the motel room appellant told Ahlf that the cocaine was in the trunk of the car. As they prepared to leave the room, appellant stopped to search Ahlf for a body wire. At this point Ahlf identified himself as a narcotics investigator and arrested appellant. Other law enforcement officers had been conducting surveillance and moved in to assist Ahlf.

Appellant was advised of his rights, and he and his car were taken to the Arkansas State Police Headquarters. Ahlf obtained state search warrants for appellant's car and house. Another law enforcement officer had obtained appellant's oral and written consent to search both the car and the house. Pursuant to the state search warrant, the officers searched the car and found a package of a white substance in the trunk; the white substance was field-tested and the test was positive for cocaine. At trial a chemist testified that the substance was cocaine and was 93% pure.

Appellant was indicted in September 1983 and charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Appellant's pretrial suppression motions were denied. At trial the government presented the testimony of the investigating officers, including Ahlf, and evidence about the search of appellant's car and the discovery of the cocaine. The jury found appellant guilty and this appeal followed.

Appellant first argues that the district court erred in denying his motion to suppress the cocaine found in the trunk of the car. Appellant argues that his arrest was illegal because Ahlf arrested him on the basis of two state bench warrants that had been improperly issued by a state court clerk for two different offenses and because Ahlf and the other investigating officers, including federal Drug Enforcement Administration (DEA) agents, did not have

---

[*] The Honorable Thomas E. Fairchild, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.

federal arrest or search warrants or probable cause to arrest. The government argues that the state bench warrants were in fact lawfully issued; however, the legality of appellant's arrest need not depend upon the validity of the state bench warrants because Ahlf had probable cause to arrest appellant. As noted by the government, at the time of the arrest Ahlf had arranged to purchase three kilos of cocaine from appellant, the preliminary steps of the transaction had been completed and appellant had informed Ahlf that the cocaine was located in the trunk of the car. On the basis of this information, Ahlf had a reasonable suspicion, based upon personal knowledge and objective facts, that appellant was involved in criminal activity. *See Brown v. Texas*, 443 U.S. 47, 51, 99 S.Ct. 2637, 2640, 61 L.Ed.2d 357 (1979).

■ Appellant also argues that the state search warrant was tainted by the use of information obtained as a result of the unlawful arrest. As noted above, appellant's arrest was not unlawful and therefore did not taint the subsequent search warrant. Appellant further argues that the state search warrant contained an inadequate description of the car. We disagree. The state search warrant accurately described the car by color, make and model, year, and license number. Appellant also argues that his consent was obtained in violation of his fifth amendment right to remain silent. It is unnecessary to reach the question of the validity of appellant's consent because the search of the car and the seizure of the cocaine can be upheld on the basis of the state search warrant.

■ Appellant next argues that the district court erred in denying his motion to suppress his oral statement made following his arrest. Appellant first argues that the statement was unavoidably tainted by the unlawful arrest and therefore inadmissible. However, we have already held that the arrest was not unlawful. Appellant also argues that the law enforcement officers violated the rule in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), by questioning him after he had invoked his fifth amendment right to remain silent. This argument is without merit.

Following appellant's arrest, one of the investigating officers read appellant his *Miranda* rights. The officer then asked appellant if he wanted to talk to the officers at that time. Appellant indicated that he did not want to talk, thus invoking his fifth amendment right to remain silent. Appellant then asked who was in charge; Ahlf told appellant that another officer was in charge. Appellant then began making an inculpatory statement to that officer. As explained by the Supreme Court in *Rhode Island v. Innis*, 446 U.S. 291, 300–01, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980) (footnotes omitted),

> the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.

In the present case appellant's statement was not made in response to police interrogation and was therefore not in violation of *Miranda*. There is no evidence in the record of any coercion or compelling influences. "Volunteered statements of any kind are not barred by the Fifth Amendment . . . ." *Miranda v. Arizona*, 384 U.S. at 478, 86 S.Ct. at 1629. The district court did not err in denying appellant's motion to suppress his oral statement.

Appellant next argues the district court erred in denying his motion for individual and separate voir dire of each prospective juror about prejudicial pretrial publicity. Appellant argues that the remarks of one of the prospective jurors about seeing television and newspaper reports about the case and their effect upon him illustrates the need for individual voir dire. Appellant further argues that the district court erred

in denying his motion for mistrial because that prospective juror's remarks prejudiced the other members of the jury panel and denied him the right to an impartial jury.

The district court has broad discretion in conducting voir dire, including deciding whether to conduct individual and separate voir dire of each prospective juror, and will not be reversed in the absence of a showing of abuse of discretion and substantial prejudice. *See United States v. Reeves,* 730 F.2d 1189, 1194–95 (8th Cir. 1984); *United States v. Brown,* 540 F.2d 364, 378 (8th Cir.1976); *United States v. Crow Dog,* 532 F.2d 1182, 1189 (8th Cir. 1976), *cert. denied,* 430 U.S. 929, 97 S.Ct. 1547, 51 L.Ed.2d 772 (1977). We hold the district court did not abuse its discretion in denying appellant's motion for individual and separate voir dire of each prospective juror about prejudicial pretrial publicity.

We further hold that the district court did not abuse its discretion in denying appellant's motion for mistrial. One prospective juror stated in response to a question about pretrial publicity: "I saw it on television, Your Honor. Also, I would like to add that as an ordained minister, I couldn't, in good conscience, with the evidence I saw on television and in the newspaper, return a verdict—" At that point the district court cut off the response and excused the prospective juror. The district court cautioned the remaining prospective jurors to disregard those remarks and instructed them that what is seen on television is not evidence. The district court then questioned the remaining prospective jurors about the effect of the remarks and the information about the television report and whether they could base their decision only upon the evidence presented during the trial. None of the remaining jurors responded that the remarks or the information about the television report would affect their decision. We find no abuse of discretion.

Appellant argues that the district court erred in admitting evidence of other crimes. During the trial the government introduced evidence that appellant had sold Ahlf small amounts of cocaine on two occasions prior to the August transaction. Appellant argues that this evidence was highly prejudicial and was admitted solely to show that appellant was a person of bad character, that there was no proof that the prior sales in fact involved cocaine and that the prior crimes were not similar to the crime at issue. We find no abuse of discretion in the admission of evidence pursuant to Fed.R.Evid. 404(b) about the two prior sales of cocaine. The evidence of other crimes was clear and convincing, relevant to establish appellant's intent, and more probative than prejudicial. *E.g., United States v. Legendre,* 657 F.2d 238, 242 (8th Cir.), *cert. denied,* 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981). In addition, the district court instructed the jury about the limited purpose for which the evidence of other crimes had been admitted and further cautioned the jury that appellant had not been charged with the other alleged offenses.

Appellant finally argues the district court erred in denying his motion for a continuance or mistrial following the government's failure to disclose exculpatory evidence as required by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Appellant made a specific pretrial request for the discovery of the results of any scientific tests made in connection with the case and in the control or custody of the government. The government responded that it would permit the defense to inspect any scientific reports and attached copies of two drug analysis reports. During its case-in-chief, the government introduced into evidence the brown paper bag which contained the cocaine and which had been seized from the trunk of appellant's car. On cross-examination defense counsel asked Ahlf whether any fingerprints had been found on the paper bag. To the surprise of the defense, Ahlf testified that the paper bag had been sent to the DEA for fingerprint analysis but that he did not know the results of the analysis. The defense immediately moved for mistrial and, when the motion for mis-

trial was overruled, for a continuance, which was also overruled. The fingerprint report was later made available to the defense; the report concluded that none of the partial latent prints found on the paper bag had enough identifying characteristics for identification purposes.

■ In order to prevail on the claim of suppression of exculpatory evidence, appellant must show that the government suppressed material evidence favorable to the defense. *See United States v. Agurs*, 427 U.S. 97, 111–13, 96 S.Ct. 2392, 2401–02, 49 L.Ed.2d 342 (1976); *United States v. Blasco*, 702 F.2d 1315, 1327–28 (11th Cir.), *cert. denied*, —— U.S. ——, 104 S.Ct. 276, 78 L.Ed.2d 256 (1983); *United States v. Crow Dog*, 532 F.2d at 1190; *Evans v. Janing*, 489 F.2d 470, 474–78 (8th Cir.1973). The level of materiality necessary to establish a *Brady* violation depends upon the specificity of the defense request for disclosure. *United States v. Agurs*, 427 U.S. at 103–07, 96 S.Ct. at 2397–99. "If the defense makes a specific request for material that is suppressed the standard of materiality is whether the suppressed evidence might have affected the outcome of the case." *United States v. Blasco*, 702 F.2d at 1327, *citing United States v. Agurs*, 427 U.S. at 104, 96 S.Ct. at 2397.

■ Here appellant made a specific request for discovery of the results of any scientific tests. The government failed to disclose the fingerprint analysis report. The suppressed report was at least arguably "potentially useful to the defendant." *Evans v. Janing*, 489 F.2d at 476. However, the suppressed report does not satisfy the materiality requirement. As noted above, the report concluded that the partial latent prints found on the paper bag were too fragmentary for identification purposes. Thus, the suppressed report was inconclusive and in our view could not have affected the outcome of the trial, particularly in light of the strong evidence of possession.

We find no abuse of discretion in the district court's denial of the motions for a mistrial or for a continuance.

Accordingly, the judgment of the district court is affirmed.