**UNITED STATES, Appellee,**

v.

**Donald M. SMITH, Staff Sergeant, U.S. Army, Appellant.**

No. 58,768.

CM 448913.

U.S. Court of Military Appeals.

Sept. 28, 1988.

For Appellant: *Captain Lida A.S. Savonarola* (argued); *Colonel John T. Edwards, Lieutenant Colonel Russell S. Estey, Captain Kathleen A. VanderBoom* and *Captain Kevin T. Lonergan* (on brief).

For Appellee: *Major Kathryn F. Forrester* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Captain Eva M. Novak* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

In December 1985, appellant was tried by a general court-martial composed of officer and enlisted members at Fort Hood, Texas. Contrary to his pleas, he was found guilty of premeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918. He was sentenced to confinement for life, forfeiture of one-half pay

per month for life, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged. The Court of Military Review affirmed. 24 M.J. 859 (1987).

This Court granted review of the following two issues:

I

WHETHER THE MILITARY JUDGE IMPROPERLY LIMITED VOIR DIRE BY NOT ALLOWING TRIAL DEFENSE COUNSEL TO INQUIRE INTO THE MEMBERS' ATTITUDES AS TO THE MANDATORY SENTENCE OF LIFE IMPRISONMENT FOR THE CRIME OF PREMEDITATED MURDER.

II

WHETHER THE MILITARY JUDGE VIOLATED APPELLANT'S RIGHT TO MILITARY DUE PROCESS BY PRECLUDING HIM FROM A WISE EXERCISE OF HIS SINGLE PEREMPTORY CHALLENGE.

We hold that the military judge did not abuse his discretion by limiting defense counsel's voir dire, and he did not deny appellant the right to intelligently exercise his peremptory challenge. *See generally United States v. Parker*, 6 U.S.C.M.A. 274, 19 C.M.R. 400 (1955).

The facts of this case are not in dispute. It was conceded at trial that appellant shot and killed his wife. Appellant's premeditation was the critical issue contested at trial as well as the lesser offenses, if any, for which appellant could be found guilty if premeditation were not found. On appeal, appellant challenges the military judge's actions during voir dire.

Before conducting voir dire of the members, appellant's civilian defense counsel made the following motion:

Further, Your Honor, *the defense would request permission to, during the course of voir dire, to advise the panel members of a mandatory life sentence as a part of punishment for premedi-*

*tated murder* and our reasoning behind that, Your Honor, in that premeditated murder does, in fact, require mandatory life, *that there may be panel members who, in fact, being not aware of that issue, that may, in fact, affect their judgment.* Further, to take it to the extent, the Sixth Amendment agrees and grants to the defendant his right to a jury of his peers, then *what thought process they may utilize or prejudged bias that they may have, i.e., a life for a life or an eye for an eye type philosophy,* then we—we feel that we would be entitled to know in the same capacity that governmental juries and state juries are allowed to be voir dired on their support or defense or denial of the death penalty case. We feel that by not being able to inquire to their position on punishment, if the[y're] forced to compel to vote a punishment, not being able to advise them of mandatory life would deny us sufficient knowledge to conduct a proper challenge and/or voir dire to a member. I realize that this matter is currently before the Court of Military Review and I further realize that no judgment has been rendered in it and it's only been approached in one other matter. We are not asking the court to make new law, but simply give us an opportunity to conduct a full voir dire to determine preconceived notions or positions of panel members and further advise them of the extent and magnitude that their verdict may carry. *We are not utilizing this to remove a member of the panel, but simply place them on notice of the—of their responsibility.*

(Emphasis added.)

Trial counsel opposed the motion on the basis that this type of questioning during voir dire was limited to death-penalty cases. Counsel for the defense responded:

We have no objection to advising the panel this is not a capital case, but it would be the defense's position that, by Manual, the punishment for premeditated murder is set at mandatory life. Therefore, the panel is no longer deliber-

ating a term of incarceration because that is predetermined. Their only issue would be the terms and conditions that the mandatory sentence would be complied with. We feel that a major item that they would consider in any other aspect had been denied to them and they should be aware that, in fact, their verdict has been terminated by action of law, with the exception of forfeitures or reductions in rank. Therefore, we feel that it's very necessary that they be advised of that. Thank you.

The military judge then ruled as follows: I will inform the members that the case is referred as non-capital. I will not inform the members that, in the event of a finding of guilty as charged, the—of the mandatory life sentence and I will ask counsel to refrain from informing them of that in argument or voir dire.

Subsequently during voir dire, defense counsel asked the assembled members if there was anyone present whose "religious or personal values would dictate an eye for an eye or a tooth for a tooth, that is, severe punishment simply because a human life was taken." Before the members answered, the military judge then informed them that this was "a non-capital case" and that "the death penalty" could "not be imposed" in this case. All the members responded negatively.

After individual voir dire had been conducted, appellant successfully challenged three members for cause. Moreover, the defense then exercised its peremptory challenge, thereby reducing the panel to five members, the minimum necessary to continue the trial.

-----

■ Our first step in resolving this appeal is to identify the precise questions which defense counsel hoped to ask the prospective members. We note that the proposed questions concerning the mandatory sentence were not submitted in writing to the judge. *Cf. United States v. Slubowski*, 7 M.J. 461 (C.M.A.1979). However, defense counsel's oral request at trial indicates that he wanted to advise the members that a mandatory life sentence existed for premeditated murder and then elicit each member's "position" on this sentencing reality. *See United States v. Karnes*, 1 M.J. 92 (C.M.A.1975). The stated purpose of this inquiry was to determine the members' biases and preconceived notions and to impress on them the seriousness of their task.

The judge refused to permit defense counsel to pursue this line of questioning on voir dire. *See* Discussion, R.C.M. 912(d), Manual for Courts-Martial, United States, 1984. The propriety of the defense request should be measured at trial under principles of military law announced long ago in *United States v. Parker*, 6 U.S.C. M.A. at 279, 19 C.M.R. at 405. There, this Court said:

When a member is examined with a view to challenge, it is to be remembered that he may be asked any pertinent question tending to establish a disqualification for duty on the court. Statutory disqualifications, implied bias, actual bias, or other matters which have some substantial and direct bearing on an accused's right to an impartial court, are all proper subjects of inquiry. *The accused should be allowed considerable latitude in examining members so as to be in a position intelligently and wisely to exercise a challenge for cause or a peremptory challenge.* Accordingly, when there is a fair doubt as to the propriety of any question, it is better to allow it to be answered. While materiality and relevancy must always be considered to keep the examination within bounds, they should be interpreted in a light favorable to the accused. If there is doubt in the mind of the...[military judge] as to the propriety and good faith of the questions, he can and should require the examiner to disclose the relevancy of the examination, rather than merely forbid the inquiry.

(Emphasis added.)

However, this Court has adopted a less liberal standard for reviewing on appeal

the military judge's response to such a request:

> But one of the well-recognized rules of criminal jurisprudence is that wide discretion is vested in trial judges as to questions which must be answered by jurors on voir dire. *Appellate courts should reverse only when a clear abuse of discretion, prejudicial to a defendant, is shown.* Conceding that the purposes of voir dire are to determine whether individual jurors can fairly and impartially try the issues, and to lay a foundation so that peremptory challenges can be wisely exercised, those purposes do not permit the examination to range through fields as wide as the imagination of counsel. Because bias and prejudice can be conjured up from many imaginary sources and because peremptory challenges are uncontrolled except as to number, the areas in which counsel seek to question must be subject to close supervision by the ... [military judge].

*Id.* at 280, 19 C.M.R. at 406 (emphasis added).

For several reasons, we conclude that the military judge did not abuse his discretion in refusing to allow appellant to ask the proposed voir dire questions. First, we note that while a person's attitude toward mandatory life sentences may reflect his punishment philosophy, that philosophy is not a relevant concern where the sole issue before the members is guilt or innocence. *United States v. Goodface,* 835 F.2d 1233, 1237 (8th Cir.1987); *United States v. Briscoe,* 574 F.2d 406, 408 (8th Cir), *cert. denied,* 439 U.S. 858, 99 S.Ct. 173, 58 L.Ed.2d 165 (1978). Here, the members were not required to determine a period of confinement if they found appellant guilty of premeditated murder. Assuming the residual sentencing responsibility of these members was sufficient to justify such an inquiry in this case, the more direct questions on sentencing philosophy permitted by the judge adequately served this purpose. Second, we note that by counsel's own admission, these questions were designed to influence or persuade members of the seriousness of

their deliberations on findings. They were not asked to determine whether such a member could put aside his scruples against mandatory sentences and reach a verdict on the evidence. Accordingly, we conclude that the questions were inappropriate at this stage of the proceedings. *See Commonwealth v. White,* 366 Pa.Super. 538, 531 A.2d 806 (1987). Third, assuming it was appropriate at that time to remind the members of the seriousness of their duties, we note that it was clearly unnecessary in the present case. Premeditated murder is universally recognized as a very serious crime. Moreover, it is reasonable to assume that the members were well aware that conviction of such an offense might warrant substantial jail time. Finally, we are convinced that the detailed instructions otherwise given by the judge were sufficient to apprise the members of the seriousness of their duty.

■ The second granted issue asks whether this limitation on voir dire deprived appellant of the right to intelligently exercise his right to a peremptory challenge. *See generally United States v. Carter,* 25 M.J. 471 (C.M.A.1988). *United States v. Parker, supra* at 279, 19 C.M.R. at 405. This particular claim was not expressly raised by appellant at trial and, in fact, he expressly disavowed any intent to remove members on the basis of responses to these questions. In any event, long ago in *United States v. Parker, supra* at 280, 19 C.M.R. at 406, this Court rejected the idea that the broad scope of a peremptory challenge authorized unrestricted voir dire. Accordingly, a *per se* claim of relevance and materiality of these questions simply because a peremptory challenge is involved is not sufficient. Moreover, we conclude that the questions on voir dire permitted by the judge were sufficient to permit the defense to intelligently exercise its peremptory challenge.

■ The final matter we will address in this case is the practice of "jury nullification." *See United States v. Mead,* 16 M.J. 270, 275 (C.M.A.1983); *see generally* W.

LaFave and J. Israel, 2 *Criminal Procedure* § 21.1(g) (1984). The Court of Military Review stated in its opinion that defense counsel mentioned this practice as a reason justifying his request to advise the members prior to findings of the mandatory life sentence for premeditated murder. 24 M.J. at 862. Although some suggestion of this purported justification for this request may exist, we can find no express reliance on this practice in the record before us. More importantly, we do not equate express concern for serious and thoughtful consideration of guilt or innocence with implied advocacy of deliberate disregard of the law. In any event, we conclude that this justification for these proposed questions is totally unacceptable and inconsistent with the earlier decision of this Court in *United States v. Jefferson*, 22 M.J. 315, 329 (C.M.A.1986). There, this Court relied on a state court decision (*State v. Walters*, 294 N.C. 311, 240 S.E.2d 628, 630 (1978)) which expressly rejected advice as to the sentence for this irregular purpose. *See United States v. Britt*, 285 N.C. 256, 204 S.E.2d 817, 829 (1974).

\* Currently, the only mandatory punishments are life imprisonment for persons convicted of premeditated murder or felony murder under Arti-

The decision of the United States Army Court of Military Review is affirmed.

Judge COX concurs.

EVERETT, Chief Judge (concurring):

I agree with the majority opinion that—whether in connection with *voir dire* of the court members or otherwise—there is no requirement that the military judge allow questions or argument which are obviously designed to induce "jury nullification." In the present case, it appears that the proposed *voir dire* questions were directed to this end.

On the other hand, I am convinced that—as we held in *United States v. Jefferson*, 22 M.J. 315, 329 (C.M.A.1986)—the military judge may permit reference by counsel to a mandatory sentence for a crime \* when counsel has some purpose other than to invite the factfinders to disregard their responsibility to follow the judge's instructions on the law. As I read the majority opinion, it does not overturn this rule, so I concur.

cle 118 and death for spies convicted under Article 106, Uniform Code of Military Justice, 10 USC §§ 918 and 906, respectively.