**UNITED STATES, Appellee,**

v.

**Bruce A. BELFLOWER, Staff Sergeant, U.S. Air Force, Appellant.**

No. 98–5025.
Crim.App. No. 32612.

U.S. Court of Appeals for
the Armed Forces.

Argued Feb. 9, 1999.

Decided May 19, 1999.

Sullivan, J., filed opinion concurring in the result.

CRAWFORD, J., delivered the opinion of the Court, in which COX, C.J., and GIERKE and EFFRON, JJ., joined. SULLIVAN, J., filed an opinion concurring in the result.

For Appellant: *Captain Stephen P. Kelly* (argued); *Colonel Douglas H. Kohrt* (on brief); *Captain W. Craig Mullen.*

For Appellee: *Major Bryan T. Wheeler* (argued); *Colonel Anthony P. Dattilo, Major Ronald A. Rodgers,* and *Captain Martin J. Hindel* (on brief).

Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted of attempted sodomy, committing indecent acts with a child (3 specifications), and soliciting indecent acts, in violation of Articles 80 and 134, Uniform Code of Military Justice, 10 USC §§ 880 and 934, respectively. The convening authority approved the sentence of a dishonorable discharge, 10 years' confinement, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence but directed administrative relief under *United States v. Gorski,* 47 MJ 370 (1997). We granted review of the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION IN REFUSING INDIVIDUAL *VOIR DIRE* OF CERTAIN COURT MEMBERS.

We hold that the judge did not abuse his discretion in refusing to permit individual *voir dire* of certain court members.

## FACTS

Appellant requested a trial by officer members. Judge Young conducted the general *voir dire* of the members, and then counsel each asked several questions. The defense request to conduct individual *voir dire* of four members—Lieutenant Colonel (LTC) Russi, Major (MAJ) Burry, Captain (CPT) Dougherty, and CPT Ali—is at issue here.

During Judge Young's *voir dire,* LTC Russi stated that he had a degree in criminology. The following dialogue ensued:

MJ: Okay, have you ever worked in a position—

MBR: (LTC Russi) With that degree I worked for an entire summer in a department within the court house, which was the drug program for about two years.

MJ: How long ago was that?

MBR: (LTC Russi) That was just through college. The last time I worked there was probably about 1977—in that time frame.

MJ: I take it you understand that whatever system of justice you were working in before—is completely different—I don't know about completely different, but it's different from what you have here, and you ought not to take any of the knowledge that you learned there when you are dealing with this case today.

MBR: (LTC Russi) Yes.

Defense counsel did not ask any questions of LTC Russi while the entire panel was present. However, he asked for individual *voir dire,* which was denied, as follows:

ADC: ... I want to explore a little bit further on what his training was in criminology. Obviously, since it has been brought in court that he has a degree in it and he worked in the summer program, we need to explore that. We don't want—I'll leave it as that for now.

MJ: Well, I think I amply covered that. Denied.

ADC: Your Honor, could I re-approach that? Since it's on the record now—

MJ: I asked him. You had the opportunity to ask him questions about that—

ADC: Well, Your Honor—

MJ: in court here. We will do individual *voir dire* for anything that comes up during the trial that seems to be a problem. Now, I want to know what is it about what [Lieutenant] Colonel Russi said that you need to talk to him individually?

ADC: The problem is, Your Honor, now on the record all the members know that he has training in criminology. Now, when they go to deliberate we should be allowed to explore what that training is to determine whether that might influence the rest of the members.

MJ: Now, I talked to him about it. Do you remember me asking him a question about it?

ADC: Yes, Your Honor. You asked about his work experience.

MJ: No, I didn't. I asked about his work experience, but I also asked him about whether he realized—that he would just decide this case on what was presented in court today. You had no questions of him whatsoever regarding this—

ADC: Your Honor—sorry for cutting you off, Your Honor. The reason we did not pose questions at that time, because in the event that we would challenge him for cause and you would deny that challenge, we wanted to use our peremptory some place else. We didn't want to poison the rest of the jury with the experience he may or may not have. He may have a course in criminal psychology in which he profiled sex offenders and now—

MJ: And, how does knowing he had a course—how does that influence any other member? We're talking about here during *voir dire*. How does the fact that he profiled sex offenders, if he did, we're not saying he did, but, if he did, how does the knowledge that he did, how does that have anything to do with contaminating these other court members?

ADC: If he remains on the panel, Your Honor, they may turn to him for expertise in that area.

MJ: And, what I'm saying is, you could have asked the question, you didn't.

With regard to MAJ Burry, assistant defense counsel conducted the following *voir dire:*

ADC: Major Burry, you've been an intensive care nurse for seven years; is that correct?

MBR: (MAJ Burry) Yes.

ADC: As a nurse, in general, have you ever come in contact with children suspected of being sexually abused or otherwise?

MBR: (MAJ Burry) No. Strictly adults.

ADC: Now, when you say adult, do you deal with adults that have been abused?

MBR: (MAJ Burry) No. Strictly adult ICU.

ADC: Have you had any training in regards to dealing with people who have been sexually abused?

MBR: (MAJ Burry) Not beyond the reporting.

ADC: Any education or experience—were you ever provided any training concerning cases of child sexual abuse?

MBR: (MAJ Burry) Not specific cases, more support.

The defense team requested individual *voir dire* of MAJ Burry, "to get a little bit more of her education, precisely what her training was in the area." Without explanation, the military judge denied the request.

Although no questions were asked of either CPT Dougherty or CPT Ali during group *voir dire,* the defense sought to question each of them out of the presence of the other members. The assistant defense counsel stated that he wished to explore the fact that CPT Dougherty was apparently a single parent, the nature of his separation, and "if the impact of that would be difficult for him." The military judge stated that the defense team could have asked such questions during open court and denied the request.

Regarding CPT Ali, the defense noted that he was of Pakistani origin and wished to ask him about his religious beliefs. The judge inquired as to the relevance of such questions, to which the assistant defense counsel replied:

Well, under certain Arabic and those countries he may think, for example, if you're a thief, you cut your hand off, and that type of thing there. I want to make sure there is no conflict between his beliefs, firm beliefs and his responsibility here today.

The military judge denied this request as well.

The defense argues here that the judge's denial of individual *voir dire* casts substantial doubt on the legality, fairness, and impartiality of the proceedings. *See* RCM 912(f)(1)(N), Manual for Courts–Martial, United States (1998 ed.).

## DISCUSSION

The Sixth Amendment to the United States Constitution provides that "the accused shall enjoy the right to a ... trial, by an impartial jury." In *Duncan v. Louisiana,* 391 U.S. 145, 155, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), the Supreme Court observed that

the "right to jury trial is granted to criminal defendants in order to prevent oppression by the Government." *Voir dire* is a tool used to preserve this right. *Morgan v. Illinois,* 504 U.S. 719, 729, 112 S.Ct. 2222, 119 L.Ed.2d 492 (1992).

■ Generally, the appellate courts will not find an abuse of discretion when counsel is given an opportunity to explore possible bias or partiality. *United States v. Millar,* 79 F.3d 338, 342 (2d Cir.1996)(no abuse of discretion for allowing inquiry into religious bias of potential jurors in trial of priest); *see also United States v. Bourgeois,* 746 F.2d 401, 405 (8th Cir.1984). In *United States v. Jefferson,* 44 MJ 312, 320–21 (1996), this Court intimated that the parties must show that individual *voir dire* is necessary because certain areas could not be covered in group questioning. We said, "It is within the judge's discretion whether to allow individual or group questions.... Counsel could have requested a session under Article 39(a), UCMJ, 10 USC § 839(a), or a sidebar to set forth the reasons for individual *voir dire* and make it a matter of record. He chose not to utilize these options." *Id.*

■ As to LTC Russi, Judge Young did not abuse his discretion in refusing to allow counsel's request for individual *voir dire.* LTC Russi did have some professional training in the area of criminology. However, he had not worked in the area of law enforcement in the Air Force, and had only limited exposure to the profession some 20 years prior to this trial. That professional experience was in a field—substance abuse—which would appear to be unrelated to the incidents in this case. Most importantly, LTC Russi specifically stated that he understood that whatever prior knowledge he might have gained from this education would not influence him in this trial and that he could follow the instructions of the military judge.

■ Similarly, the failure to allow counsel to further question MAJ Burry was not an abuse of discretion because she had been specifically asked about her training in the area of treating or dealing with sexually abused children. She related that she had little training beyond the necessity of reporting such matters, and further stated that she dealt only with adults in an intensive care setting.

■ As to CPT Dougherty, there was also no abuse of discretion. As the military judge noted, the questions which counsel wished to ask could have been asked in group *voir dire.* There appears to have been nothing inherent in those questions which would have been likely to produce a response which would have poisoned the remainder of the panel. Even if such a risk existed, it was within the discretion of the trial judge to take that risk. *See United States v. Williams,* 44 MJ 482, 485 (1996).

■ With regard to CPT Ali, questions concerning punishment that would clearly be in violation of the Eighth Amendment do not involve such intimate details about a member's personal life that he or she would refuse to give the details or speak freely in front of the other court members. *Cf. Commonwealth v. Flebotte,* 417 Mass. 348, 630 N.E.2d 265, 269–70 (1994)(intimate details concerning potential juror being a child victim of a rapist); *State v. Moody,* 486 A.2d 122, 125 (Me.1984)(juror's personal exposure to child abuse). While it is true that some courts in capital cases have permitted the exploration of religious views during individual *voir dire, see, e.g., Hovey v. Superior Court of Alameda County,* 28 Cal.3d 1, 168 Cal.Rptr. 128, 616 P.2d 1301, 1354 (1980), other courts have not, *see, e.g., Curry v. State,* 255 Ga. 215, 336 S.E.2d 762, 765–66 (1985); *Smith v. State,* 465 N.E.2d 1105, 1115 (Ind.1984); *State v. Brown,* 315 N.C. 40, 337 S.E.2d 808, 819 (1985).

A number of options were available to the defense counsel: (1) *Defense counsel could have asked more detailed questions during* group *voir dire* regarding the issues now raised on appeal; (2) defense counsel could have asked the military judge to re-open group *voir dire;* or (3) if he was concerned about the limited value of group *voir dire* alone, defense counsel could have requested an Article 39(a) session to call the military judge's attention to specific matters, thus making a record for appeal. In the absence of such actions, the sparse record we are

presented in this case provides no basis for reversal.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

SULLIVAN, Judge (concurring in the result):

The majority makes no attempt to reconcile its decision today with its decision in *United States v. Jefferson,* 44 MJ 312, 322 (1996). Instead, the majority forgoes the *Jefferson* "further inquiry ... on a critical issue" test for an abuse–of–discretion standard focusing on defense counsel's failure in this case to ask the challenged questions as part of group *voir dire.* This is the point I made with my dissent in *Jefferson, supra* at 323 ("Defense inaction simply does not establish a judicial abuse of discretion."). In this light, I agree that no error occurred with respect to LTC Russi, CPT Dougherty, and CPT Ali.

As for MAJ Burry, I agree that the military judge did not abuse his discretion in refusing to allow additional *voir dire* of this member on her prior training.