**Connie DIAS, Plaintiff–Appellee,**

v.

**SKY CHEFS, INC., Defendant–Appellant.**

**No. 89–35778.**

United States Court of Appeals, Ninth Circuit.

Oct. 29, 1991.

Walter V. Siebert, Sherman & Howard, Denver, Colo., for defendant-appellant.

Richard C. Busse, Portland, Or., for plaintiff-appellee.

Before FLETCHER, FERGUSON and FERNANDEZ, Circuit Judges.

FERGUSON, Circuit Judge:

## I.

The Supreme Court has remanded this case for reconsideration in light of the Court's subsequent opinion in *Edmonson v. Leesville Concrete Co.,* — U.S. —, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991).

When the case was previously before us, we affirmed a jury verdict on all grounds presented on appeal. The jury found Sky Chefs, a corporation, liable for the actions of its general manager, who sexually harassed women employees and wrongfully discharged a woman employee, Ms. Connie Dias, for resisting that harassment, *Dias v.*

*Sky Chefs, Inc.,* 919 F.2d 1370 (9th Cir. 1990). The Supreme Court granted certiorari, vacated our decision, and remanded the case for reconsideration. *Sky Chefs, Inc. v. Dias,* — U.S. —, 111 S.Ct. 2791, 115 L.Ed.2d 965 (1991).

## II.

An issue in this case is Sky Chefs' assertion, relying on *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), that its Fifth Amendment rights were violated by Dias' use of peremptory challenges to strike three males from the jury venire, leaving an all-woman jury. For the reasons set forth in our previous opinion, we rejected that argument and upheld the peremptory challenges. *Dias,* 919 F.2d at 1377–80.

In *Edmonson,* the Supreme Court extended the *Batson* rule and held that a private litigant in a civil case may not use peremptory challenges to exclude jurors on the basis of their race. The Court found that race-based exclusion violates the equal protection rights of the challenged jurors. 111 S.Ct. at 2080.

In this case, Sky Chefs asserts that Dias used peremptory challenges to remove venirepersons because they were men. The Supreme Court's mandate requires us to consider whether the alleged gender-based exclusion of men falls within the rules announced in *Edmonson.* However, upon review of the record and reconsideration, we find that we need not decide this issue because Sky Chefs failed to make a timely and proper objection to the jury selection process.

## III.

The Supreme Court did not require this court to reconsider any part of its opinion other than the jury selection issue, and we therefore affirm without modification all of the opinion with the exception of Part V. We vacate all of Part V and substitute the following:

█ Finally, Sky Chefs asserts that its Fifth Amendment rights were violated by the plaintiff's use of peremptory challenges

to strike three males from the jury venire, leaving an all-woman jury.[1] We review this issue of law de novo, *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir. 1984) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Although Sky Chefs relied only on *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which dealt with race-based challenges in criminal cases, we note that a panel of this court has recently extended the *Batson* equal protection right to gender-based peremptory challenges. *United States v. De Gross*, 913 F.2d 1417, 1421–23 (9th Cir.1990), *reh'g en banc granted*, 930 F.2d 695 (1991).[2]

In a different context, the Supreme Court has recently extended *Batson* to civil cases, holding that racially biased peremptory challenges violate the equal protection rights of excluded jurors. *Edmonson v. Leesville Concrete Co.*, — U.S. —, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). It also held that a civil litigant may have standing to assert those rights, based on a three-part test: the litigant has suffered a concrete injury, he or she has a close relationship with the jurors, and the excluded jurors are *de facto* barred from asserting their own rights. *Id.* 111 S.Ct. at 2087–88.[3]

 We need not consider here whether *Edmonson* permits Sky Chefs to assert the rights of the allegedly excluded male jurors, because Sky Chefs' objection to Dias'

1. The transcript indicates that five women were also struck from the jury by peremptory challenges.

2. Although *De Gross* was decided on September 10, 1990, after briefing in *Dias* had already been completed, we apply the decision retroactively unless "inequitable results" would follow, *Reed v. Hoy*, 909 F.2d 324, 327 (9th Cir.1989). We assume without deciding that both *De Gross* and *Edmonson* apply retroactively. However, we note that *De Gross* itself affords no new rights to civil litigants or corporations such as Sky Chefs.

3. These factors are very similar to those we applied in *De Gross*, although in that case it was the government who objected to the peremptory challenge. *De Gross*, 913 F.2d at 1421–21.

4. The district court used the "Arizona system" of jury selection. Instead of announcing publicly the name of the juror selected for a peremptory

peremptory challenges was untimely. We have stated that *Batson* objections must occur as soon as possible, preferably before the jury is sworn. *See United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir. 1987).

Here, the objection was raised only after the excluded jurors had been dismissed, the jury had been sworn, the court had recessed and reconvened, defendant's motions in limine had been presented and argued, and defendant had noted several other objections. Sky Chefs did not ask the judge to conduct a *Batson* hearing on the issue of discriminatory intent, but merely stated as follows:

MR. SIEBERT: The other thing is, Your Honor, just for the record we would object to the jury as it has been impaneled. We think there has been a systematic exclusion of males from the jury and that is evidenced by the list that went back and forth[4] and we ask that that be preserved for the record and made a part of the record in this action.

The Plaintiff—there were three males that were originally in the jury panel. Only three males. They were all struck by the plaintiff. We think that this is no different than the cases that the courts have ruled on before where blacks have been systematically excluded from jury panels.

This is a female sex harassment case and we are deprived of the benefit of a

challenge, attorneys exercise peremptory challenges as follows.

When the panelists have been accepted after challenges for cause, the courtroom deputy presents a list of the names to plaintiff's counsel. The list contains two columns, one marked Plaintiff and the other Defendant. Plaintiff's counsel may mark a peremptory challenge in the appropriate column. The deputy then gives the list to defendant's counsel to mark a peremptory challenge. The list is passed back and forth until both sides have exhausted or passed peremptory challenges. The judge announces the names of the panelists who have been challenged, and asks them to sit in the back of the courtroom. The courtroom deputy then seats six jurors and any alternates from the list who have not been challenged, and the jury is empaneled.

The gender of the dismissed panelists is immediately apparent to both counsel.

proper jury that represents a cross section of society here. Again, that's for the record, Your Honor.

THE COURT: All right. Just mark that then and it will become an exhibit not to go to the jury.

The Clerk advises me that it's always made part of the record anyway. It is part of the record.

All right. You may bring the jury back in, please.

Although in *Thompson* we permitted such an objection because the defendant raised it at the first opportunity and no prejudice was shown, here it could have been raised much earlier and prejudice did result from the delay. For example, the objection could have been raised when Sky Chefs' attorney first saw the list of challenged jurors, when the challenged jurors were asked to move to the back of the room, as soon as the jury was sworn in, or immediately before the judge declared the recess.

Furthermore, Dias would be prejudiced if we entertained Sky Chefs' tardy objection on appeal. Had Sky Chefs objected contemporaneously with the voir dire, the court could have given Dias an opportunity to respond and could then have ruled on the *Batson* objection after she presented her explanation. If her explanation was not satisfactory, the court could then have denied her exercise of the peremptory, as was done in *De Gross*, 913 F.2d at 1419. If the explanation was satisfactory, the court could have overruled the *Batson* objection. Because the basis for the claim of discrimination was apparent even before the close of voir dire, any objection made so long after the jury was empaneled and sworn was untimely.

Finally, Sky Chefs' counsel did not ask the trial judge to do anything. The issue on appeal is contained in the question, "What did the trial judge do that was wrong?" The answer is, "Nothing."

Sky Chefs' counsel stated, first at the beginning of his statement, *"just* for the record" (emphasis added), and again at the end, "that's for the record." At no time did counsel request the court to require Dias to articulate a gender-neutral explanation for the peremptory strikes. In *Edmonson,* the plaintiff asked the trial court to require defendant to supply a race-neutral explanation, and the trial court refused. 111 S.Ct. at 2081. Here, a reading of counsel's statement shows that no request was made and leads to the unmistakable conclusion that the trial judge was not supposed to do anything. Counsel wanted the record to show his contentions, but that is all.

It is too late to claim on appeal that the trial court erred when counsel never asked the judge to do anything. We are not presented with an issue that the court must address *sua sponte,* such as lack of subject matter jurisdiction, *e.g., O'Donnell v. Wien Air Alaska, Inc.,* 551 F.2d 1141, 1145 n. 4 (9th Cir.1977), or defendant's competence in a criminal case, *Chavez v. United States,* 656 F.2d 512, 515 (9th Cir.1981). No case requires a trial court to address *sua sponte* an issue that neither this court nor the Supreme Court has decided. Trials are still adversary proceedings in which counsel may not lay traps for a trial judge and then expect relief from an appellate court.

The peremptory challenges must be upheld and the jury's verdict affirmed.

## CONCLUSION

The jury verdict is AFFIRMED in all respects.