**UNITED STATES, Appellee,**

v.

**Hernan PULGARIN, Defendant, Appellant.**

**No. 88–1400.**

United States Court of Appeals, First Circuit.

Heard Dec. 5, 1991.

Decided Jan. 27, 1992.

Jonathan M. Feigenbaum with whom Richard M. Passalacqua, Boston, Mass., was on brief, for defendant, appellant.

George W. Vien, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before TORRUELLA, Circuit Judge, COFFIN and BOWNES, Senior Circuit Judges.

COFFIN, Senior Circuit Judge.

At a bench conference during the voir dire in defendant's trial on cocaine distribution charges, the prosecutor exercised a peremptory challenge to exclude a prospective juror, one Belmiro Barros, Jr. The judge noted that, like defendant, the prospective juror apparently was Hispanic. The prosecutor immediately explained that the government had challenged Barros because he was a heavy equipment operator and there were a number of ongoing investigations of heavy equipment operators suspected of trafficking in cocaine.

Appellant's trial counsel then said, "I only point out that Mr. Barros is the only individual that my...." The sentence was interrupted by the judge, who said, "We have already pointed that out." There was no further comment from defense counsel by way of elaboration of his thought, objection, dissatisfaction with the prosecutor's explanation, or request for examination. The bench conference thereupon ended. The jury was empaneled and sworn without objection. A three day trial then ensued, resulting in appellant's conviction.

Appellant now raises as his sole issue the claim that the trial judge failed to observe the strictures of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), in neglecting to make a finding (after implicitly recognizing that there was a prima facie case of unlawful discrimination) that the prosecutor's professed reason for challenge was race-neutral and, further, in failing to permit defendant to offer rebuttal evidence.

In light of *Hernandez v. New York*, — U.S. ——, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991), we assume, without deciding, that a *Batson* claim *could* have been made in the circumstances of this case to a peremptory challenge to a prospective juror

**2**

with a "definite Hispanic surname[ ]." *Id.* 111 S.Ct. at 1865. But we are clear in our conclusion that none *was* made. We have steadily insisted on clear and timely preservation of alleged error in the court below, and believe that contemporaneous objection is especially pertinent as to *Batson* claims, where innocent oversight can so readily be remedied and an accurate record of the racial composition of the jury is crucial on appeal. *See Government of Virgin Islands v. Forte*, 806 F.2d 73, 75–76 (3d Cir.1986). Appellant argues that he was cut off from protest or objection by the judge's interjection of her corroborative remark that she already had noted what counsel was trying to point out. Were we to hold the issue preserved on this record, the slightest of hesitations and ambiguous utterances would suffice. We expect more of an advocate than an audible clearing of the throat.

The test, then, is plain error. And the answer is given by *Hernandez*, 111 S.Ct. at 1866: "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." The explanation in the case at bar was even less inviting to surface suspicion than that in *Hernandez*. And, as in *Forte*, 806 F.2d at 76, the trial court gave the venire members an opportunity to reveal whether they had any problem with defendant's Hispanic background.

*Affirmed.*