62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frank CHAVEZ, Defendant-Appellant.
 No. 94-16951.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank Chavez, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion following an evidentiary hearing before a magistrate judge. Chavez contends that trial counsel was ineffective because he failed to permit Chavez to testify at trial and because counsel failed to investigate an alibi. Chavez also contends that the prosecutor impermissibly used peremptory strikes to remove four potential jurors. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 We review a denial of a Sec. 2255 motion de novo. Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir. 1995). We review for clear error a district court's findings of fact. Id. at 1452. Whether a defendant received ineffective assistance of counsel is a legal question also reviewed de novo. Id. at 1456. In order to prevail, a defendant must show that (1) his counsel's performance was deficient and (2) the ineffective assistance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 4
 Chavez contends that his trial attorney was ineffective because counsel would not allow him to testify at trial, and that counsel failed to investigate an alibi defense.[1] The district court adopted the magistrate judge's finding that Chavez's claims were unsupported by the record, and that it was ultimately Chavez's decision not to testify. The record does not reflect that Chavez asked to testify at trial or that his attorney denied such a request. Thus, Chavez waived any right to testify at trial because of his silence. See United States v. Edwards, 897 F.2d 445, 446-47 (9th Cir.), cert. denied, 498 U.S. 1000 (1990).
 
 
 5
 Moreover, at the evidentiary hearing, Chavez's testimony was contradicted by his trial attorney's testimony regarding the decision not to have Chavez testify at trial. The district court found that Chavez's testimony at the evidentiary hearing was incredible, while finding that Chavez's trial attorney's testimony was entirely credible. The district court's finding that Chavez chose not to testify was not clear error. See Sanchez, 50 F.3d at 1452.
 
 
 6
 The trial attorney's advice not to testify did not fall below an objective standard of reasonableness, and thus, was not deficient. See Strickland, 466 U.S. at 687. Moreover, Chavez has not shown that, but for counsel's alleged deficient performance, "there is a reasonable probability that the result of the proceeding would have been different." See id. at 692.
 
 
 7
 Chavez contends that the prosecutor impermissibly used his peremptory strikes to remove four potential jurors on the basis that they were Hispanic or Native American. See Batson v. Kentucky, 476 U.S. 79, 89 (1986).[2] Chavez, however, raised this issue for the first time in his Sec. 2255 motion. The failure to make a timely Batson objection to the prosecution's use of peremptory strikes results in a waiver of the claim. See Dias v. Sky Chefs, Inc., 948 F.2d 532, 534 (9th Cir. 1991), cert. denied, 503 U.S. 920 (1992). "Batson objections mut occur as soon as possible, preferably before the jury is sworn." Id. at 534.
 
 
 8
 Here, Chavez did not object to the prosecutor's use of peremptory challenges at trial. Nor did he raise the issue on direct appeal. Thus, Chavez has waived any objection to the peremptory challenge because it was untimely raised in his Sec. 2255 motion. Accordingly, the district court properly denied Chavez's Sec. 2255 motion. See Sanchez, 50 F.3d at 1451-52.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Chavez's request for oral argument is denied. Chavez's June 15, 1995 motion for appointment of counsel is also denied. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 At the evidentiary hearing, Chavez withdrew his claim regarding the investigation of his alibi. Thus, Chavez raises the alibi claim for the first time on appeal. As a general rule, issues not raised in the district court will not be considered on appeal. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Accordingly, we refrain from reaching the merits of the alibi claim. See id
 
 
 [2]
 At the evidentiary hearing, Chavez conceded that the prosecutor only exercised a peremptory challenge to strike one of the four potential jurors