**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

Osvaldo CONTRERAS–CONTRERAS,
**Defendant–Appellant.**

No. 95–50010.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 11, 1995.

Decided May 10, 1996.

William W. Brown, Federal Defenders of San Diego, San Diego, California, for defendant-appellant.

David P. Curnow, Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Before: SCHROEDER and O'SCANNLAIN, Circuit Judges and BURNS,* District Judge.

O'SCANNLAIN, Circuit Judge:

We must decide whether a prosecutor's volunteered reason for exercising a peremp-

* The Honorable James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation.

tory challenge against an African–American enables a defendant to preserve the issue for appeal, notwithstanding the defense attorney's failure to object during voir dire or trial.

## I

Osvaldo Contreras–Contreras, a citizen of Mexico, appeals his conviction for reentering the United States after deportation in violation of 8 U.S.C. § 1326(b)(2).

■ Contreras–Contreras' claim arises under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). To prevail on a *Batson* claim, the defendant must establish a prima facie case of purposeful discrimination in the jury selection process. *United States v. Thompson,* 827 F.2d 1254, 1256–57 (9th Cir.1987). The burden then shifts to the prosecutor to present a neutral explanation for the challenges. *Id.* at 1257.

In the course of voir dire before trial in this case, the prosecutor volunteered to the district court that he had a *Batson* problem because he intended to exercise his peremptory challenges against two African–American jurors. The prosecutor stated that "I have case notes specifically with regard to Cheryl Cathey—where in another case following a trial—chose to avoid her as a juror." He indicated that Cathey had "been on a jury very recently in this district." The district court accepted the prosecutor's statement on Cathey and excused her from the jury. The court disallowed the prosecution's challenge to the second African–American juror, who went on to serve on the jury.

Neither Contreras–Contreras nor his counsel made any comment during this exchange. The prosecutor raised the *Batson* issue on his own, with respect to *his own* peremptory challenges. Contreras–Contreras did not object to the challenges before the prosecutor provided his explanation, nor did Contreras–Contreras challenge the explanation offered by the prosecutor. Only on appeal, after his conviction by jury trial, does Contreras–Contreras raise this issue.

## II

In support of his argument that the clear error standard should apply, Contreras–Contreras cites *Hernandez v. New York,* 500 U.S. 352, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality opinion). In *Hernandez,* the Supreme Court stated that "[o]nce a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot." 500 U.S. at 359, 111 S.Ct. at 1866.

Contrary to Contreras–Contreras' assertion, *Hernandez* fails to support the application of the clear error standard under the facts presented here. *Hernandez* says nothing about whether a defendant's silence can preserve an objection for appeal. There, the defense counsel actually objected during the voir dire to the prosecution's peremptory challenges of Latino jurors. 500 U.S. at 355–56, 111 S.Ct. at 1864. Before the *Hernandez* trial court could rule on whether the defense had established a prima facie case of racial discrimination, the prosecutor explained his reasons for striking the jurors. *Id.* The trial court permitted the peremptory challenges and the defense again objected by challenging the prosecution's explanation. Again, the trial court allowed the peremptory challenges. *Id.* at 357–58, 111 S.Ct. at 1865. In reviewing the trial court's ruling on the peremptory challenges, the Supreme Court merely noted that the trial court's failure "to rule that petitioner had or had not made a prima facie showing of intentional discrimination .... need not concern us." *Id.* at 359, 111 S.Ct. at 1866. Rather, the Court focused directly on whether the prosecution's explanations were race neutral. *Id.*

■ The case law is clear that a *Batson* objection must be made as soon as possible, and preferably before the jury is sworn. *Dias v. Sky Chefs, Inc.,* 948 F.2d 532, 534 (9th Cir.1991), *cert. denied,* 503 U.S. 920, 112 S.Ct. 1294, 117 L.Ed.2d 517 (1992); *see also United States v. Pulgarin,* 955 F.2d 1, 2 (1st Cir.1992) ("contemporaneous objection is especially pertinent as to *Batson* claims, where innocent oversight can so readily be remed-

ied and an accurate record of the racial composition of the jury is crucial on appeal").

■ We review for plain error because Contreras–Contreras' counsel not only failed to make an initial objection to the challenge, but also failed to object to the prosecution's volunteered explanation. *See United States v. Arce,* 997 F.2d 1123, 1127 (5th Cir.1993) (holding that defendants waived their right to object to prosecution's second explanation "by failing to dispute the prosecutor's [second explanation] in the district court"); *United States v. Rudas,* 905 F.2d 38, 41 (2d Cir.1990) (holding that defendant who raised a *Batson* objection subsequently waived objection by failing to challenge government's explanations for the peremptory challenges); *see also United States v. Chandler,* 12 F.3d 1427, 1431 (7th Cir.1994) (applying plain error); *United States v. Pulgarin,* 955 F.2d 1, 2 (1st Cir.1992) (same).[1]

## III

■ "Plain error" is an actual error that is "clear" and "obvious" under current law. *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993). When plain error affects "substantial rights," this court has the authority to exercise its discretion in reversing a conviction. *Id.* at 732–37, 113 S.Ct. at 1777–79. A plain error affects substantial rights when the error was prejudicial in that it "affected the outcome of the District Court proceedings." *Id.* at 734, 113 S.Ct. at 1778. "It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Id.* Finally, the discretion to correct the error should be employed only in those cases " 'in which a miscarriage of justice would

otherwise result.' " *Id.* at 736, 113 S.Ct. at 1779 (quoting *United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 1046, 84 L.Ed.2d 1 (1985)).

■ When applying plain error analysis to this *Batson* claim, we must first consider whether the district judge's acceptance of the prosecution's explanation deviated from a legal rule and gave rise to an actual and obvious error. The prosecution's explanation would constitute error if it were not race neutral. And as the Supreme Court has indicated, "[u]nless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Hernandez v. New York,* 500 U.S. 352, 360, 111 S.Ct. 1859, 1866, 114 L.Ed.2d 395 (1991).

Since there is no evidence of discriminatory intent in the prosecutor's explanation in this case, it should be deemed race neutral. Moreover, this court has recognized the race neutrality of similar explanations. *See, e.g., United States v. Power,* 881 F.2d 733, 740 (9th Cir.1989) (challenged juror because he had recently completed jury service and prosecutor feared juror might be "hostile to the government for calling him to serve again so soon"); *United States v. Thompson,* 827 F.2d 1254, 1260 (9th Cir.1987) ("[e]xcluding jurors because of their profession, or because they acquitted in a prior case, or because of a poor attitude in answer to voir dire questions is wholly within the prosecutor's prerogative").

Second, we must determine whether the prosecution's explanation "should be believed." *Hernandez,* 500 U.S. at 365, 111 S.Ct. at 1869. As the Court stated in *Hernandez:* "[E]valuation of the prosecutor's state of mind based on demeanor and credi-

---

1. We reject Contreras–Contreras' contention that he could not have waived his right to object to the peremptory challenge because he did not participate in the bench conference during which the prosecutor offered his explanation to the court. In the context of plain error analysis, the defendant who knowingly and voluntarily waives a fundamental right such as trial by jury cannot claim on appeal that the absence of a jury constituted plain error. *United States v. Olano,* 507 U.S. 725, 732–34, 113 S.Ct. 1770, 1777, 123 L.Ed.2d 508 (1993). By contrast, the defendant whose counsel fails to make a timely objection to a peremptory challenge merely forfeits the right

to object and may argue on appeal that the peremptory challenge constituted plain error. *Id.* (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.' ")); *see Taylor v. United States,* 285 F.2d 703, 705 (9th Cir.1960) ("A lawyer may ordinarily act for a defendant (and, for example, waive ... a peremptory challenge of a prospective juror) without any showing of a waiver by a defendant.").

bility lies 'peculiarly within a trial judge's province.'" *Id.* (quoting *Wainwright v. Witt,* 469 U.S. 412, 428, 105 S.Ct. 844, 854, 83 L.Ed.2d 841 (1985)). Thus, "[a] trial court's finding on discriminatory intent is considered a finding of fact entitled to deference on appeal, and is reviewed for clear error." *United States v. Childs,* 5 F.3d 1328, 1337 (9th Cir.1993) (citing *Hernandez,* 500 U.S. at 362–64, 111 S.Ct. at 1868; *Batson,* 476 U.S. at 98 n. 21, 106 S.Ct. at 1724 n. 21), *cert. denied,* —— U.S. ——, 114 S.Ct. 1385, 128 L.Ed.2d 60 (1994); *Power,* 881 F.2d at 740.

Here, nothing in the record indicates that the judge had cause to suspect that the prosecution was offering an insincere explanation. The prosecutor relied on written case notes for his explanation, and the defense has failed to refute the prosecutor's account. Furthermore, as the Supreme Court noted in *Hernandez,* this court may find evidence of the prosecutor's sincerity in the fact that he "defended his use of peremptory challenges without being asked to do so by the judge." *Hernandez,* 500 U.S. at 369, 111 S.Ct. at 1872. Thus, the district court did not err in accepting the prosecutor's explanation as race neutral.

Accordingly, the district court did not commit any error, let alone plain error, in allowing the prosecution to exercise a peremptory challenge against juror Cathey.

## IV

For the foregoing reasons, we affirm Contreras–Contreras' conviction.

AFFIRMED.