**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jesus O. CORDOVA, Jr., aka Jessie
O. Cordova, Jr., Defendant—
Appellant.**

**No. 05–30291.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 3, 2006.

Filed June 20, 2006.

———

Johnathan S. Haub, AUSA, Office of the
U.S. Attorney, Portland, OR, for Plaintiff–
Appellee.

Thomas E. Price, Esq., Salem, OR, for
Defendant–Appellant.

Before: NOONAN and W. FLETCHER,
Circuit Judges, and POLLAK,* Senior
Judge.

———

* The Honorable Louis H. Pollak, Senior United
States District Judge for the Eastern District
of Pennsylvania, sitting by designation.

MEMORANDUM **

Defendant-appellant Jesus Cordova was
convicted by a jury in the District of Oregon of one court of being a felon in possession of a firearm, in violation of 18 U.S.C.
§ 922(g)(1), and one count of witness tampering, in violation of 18 U.S.C.
§ 1512(b)(1). Cordova now appeals both
convictions.

*Joinder of Counts*

Cordova first contends that the district court erred in denying his motion to
sever the felon-in-possession count from
the witness-tampering count. We do not
agree. Joinder of a felon-in-possession
charge with other felony counts does not
warrant reversal where the district court
takes adequate precautionary measures
and where the evidence of the defendant's
guilt is overwhelming. *See United States
v. Nguyen,* 88 F.3d 812, 817–18 (9th Cir.
1996); *United States v. VonWillie,* 59 F.3d
922, 930 (9th Cir.1995). Here, the prosecutor agreed to present evidence of Cordova's prior conviction by means of a stipulation, and the district court gave a limiting
instruction immediately after the stipulation was read. Moreover, the evidence of
Cordova's guilt on the witness-tampering
charge was overwhelming: the jury heard
recordings of several telephone calls in
which Cordova explicitly instructed his
girlfriend and a man named Jack Ivanov to
be certain that Ivanov and other witnesses
did not appear in court. Under these circumstances, the district court did not
abuse its discretion in denying Cordova's
motion to sever. *See Nguyen,* 88 F.3d at
817.

** This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

*Cordova's* Batson *Challenge*

■ Cordova next argues that the district court erred in failing to rule on his *Batson* challenge. As an initial matter, we agree with the government that Cordova's challenge was untimely. "The case law is clear that a *Batson* objection must be made as soon as possible, and preferably before the jury is sworn." *United States v. Contreras–Contreras*, 83 F.3d 1103, 1104 (9th Cir.1996). Here, Cordova raised his *Batson* challenge only after each side had exercised all its peremptories, the jury had been empanelled and sworn, the venire discharged, and an unrelated pretrial matter attended to. Moreover, Cordova's failure to make his challenge in a timely manner prejudiced the government: the prosecutor offered to withdraw the challenged peremptory, only to find that the venire had been discharged and its recall was impossible. *See Dias v. Sky Chefs, Inc.*, 948 F.2d 532, 535 (9th Cir. 1991) (potential for prejudice relevant in determining timeliness of *Batson* challenge). Cordova's *Batson* challenge was therefore untimely, and the district court did not err in failing to rule on it.

■ Because Cordova's *Batson* challenge was not timely, we review it under a plain error standard. *See Contreras–Contreras*, 83 F.3d at 1105. Under that standard, we will uphold a challenge if the prosecutor offers permissible race-neutral justifications for the strike and there is no reason in the record to doubt his explanation. *See Id.* at 1105–06; *United States v. Steele*, 298 F.3d 906, 913–14 (9th Cir.2002). Here, the prosecutor proffered two race-neutral justifications for his strike: the juror's involvement in a paternity suit, and the juror's purportedly negative body language and eye contact. The record provides no reason to doubt the sincerity of these explanations, and we therefore conclude that the district court did not commit plain error by permitting the prosecutor's strike.

*Testimony of Robert Parks Kountz*

■ Next, Cordova asserts that the district court erred in permitting the government to offer the testimony of Kountz, a government informant, during its rebuttal case. We are persuaded, however, that any error in admitting Kountz's testimony was harmless. Kountz's rebuttal examination was quite brief: the only substantive testimony elicited was that Cordova denied possessing a gun; that the gun was found in a car belonging to another person; and that Cordova intended to blame the driver of the car for owning the gun. But the jury already had before it the recordings of Cordova's jailhouse phone calls, during which Cordova denied owning a gun and stated that the gun was found in another person's car. Cordova suffered no evident prejudice from the admission of Kountz's somewhat enlarged testimony on these points.

*Prosecutorial Misconduct*

■ Finally, Cordova asserts that the prosecutor engaged in misconduct by improperly vouching for the credibility of a government witness, Jack Ivanov. During closing arguments, the prosecutor stated that "for all [Ivanov's] frailties, I think you'll find he's an honest man telling you the truth." Although a prosecutor is prohibited from offering a personal opinion on the veracity of a witness, *see United States v. Daas*, 198 F.3d 1167, 1178 (9th Cir. 1999), we conclude that the prosecutor's comment here did not violate this rule. The prosecutor's reference to what "you'll find" indicates that he was arguing that the *jury* should find Ivanov credible, not that the *prosecutor* knew him to be so. Moreover, the prosecutor repeatedly argued that the evidence of record indicated

that Ivanov was credible, citing Ivanov's friendship with Cordova and the apparent emotional effect the case was having on Ivanov. A prosecutor may, of course, argue that the record supports a witness's credibility. *See United States v. Necoechea,* 986 F.2d 1273, 1279 (9th Cir.1993) (prosecutor permitted to argue that, if witness were lying, she would have told a more polished story and to state that "I submit to you that [the witness is] telling the truth"). We conclude that the prosecutor here did no more, and we therefore discern no misconduct in his remarks.

The decision of the district court is AFFIRMED.