Jennifer ALLAN, Plaintiff—Appellant,

v.

Leonard H. CUMMINGS; et al., Defendants—Appellees.

No. 05–15793.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 27, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jennifer Allan, Marysville, CA, pro se.

Franklin George Gumpert, Esq., Barkett, Gumpert & Reiner, Carl L. Fessenden, Esq., Porter Scott Weiberg & Delehant, Sacramento, CA, for Defendants–Appellees.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Jennifer Allan appeals pro se from the district court's judgment against her following a jury trial in her action under 42 U.S.C. § 1983 alleging constitutional violations during her arrest and detention. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

█ Allan contends that the jury was tainted. We review civil voir dire determinations for abuse of discretion. *Scott v. Lawrence,* 36 F.3d 871, 874 (9th Cir.1994).

Allan's contention fails because she had an opportunity to question prospective jurors about the allegedly prejudicial comment by a prospective juror and failed to do so, and concedes that she did not ask the district court to dismiss the panel. She therefore waived her right to object. *See United States v. Contreras–Contreras,* 83 F.3d 1103, 1105 (9th Cir.1996) (waiver for failure to object to juror selection).

Allan contends that the district court admitted into evidence jail time-sheets that were not timely disclosed and were forged. We review for abuse of discretion. *See Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 141, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997). Allan's contention fails because she offered no support for her claim that the documents were forged and did not object when the documents were admitted into evidence. *See* Fed.R.Evid. 103(a)(1) (requiring a timely objection to preserve issue).

█ Allan contends that the district court improperly permitted questioning regarding whether she was a suspect in her mother's murder and whether she had a prior conviction for passing bad checks. This contention fails because Allan "opened the door" when she stated that the local police had harassed her for many years and continued to do so, *United States v. Perry,* 857 F.2d 1346, 1352 (9th Cir.1988), and the police were entitled to probe the basis for her claim and her "motive" or "intent" for filing the instant action, Fed.R.Evid. 404(b).

Allan contends that the district court improperly admitted evidence regarding her plea of *nolo contendere* to possession of a controlled substance. This contention fails because she opened the door by

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claiming that the charge had been dismissed. *See Perry,* 857 F.2d at 1352.

Allan contends that the district court improperly refused to admit tapes of an internal investigation. This contention fails because the record indicates that the district court declined to issue an *in limine* ruling concerning these tapes and Allan made no showing that she attempted to introduce the tapes during trial or that the district court refused to admit them into evidence.

Allan contends that the district court erred when it granted judgment as a matter of law in favor of police officers Sachs, Snyder and Stout. We review de novo, *City Solutions, Inc. v. Clear Channel Communications,* 365 F.3d 835, 839 (9th Cir.2004), and may affirm on any grounds supported by the record, *Dixon v. Wallowa County,* 336 F.3d 1013, 1018 (9th Cir. 2003). Because the jury concluded there was no constitutional violation, Allan cannot show that these officers failed to intercede or were accessories to a crime. Judgment in their favor was therefore proper.

Allan contends that the district court gave an incorrect jury instruction regarding Deputy Sheriff Fisher. We review for abuse of discretion. *Monroe v. City of Phoenix,* 248 F.3d 851, 857 (9th Cir.2001). This contention fails because the record shows that Allan did not object to the instruction and, in fact, approved it. *See* Fed.R.Civ.P. 51; *Monroe,* 248 F.3d at 858 ("We have interpreted this rule strictly and have stated that, '[i]n a civil case, we may not review a jury instruction in the absence of a proper objection.' ").

Allan failed to comply with Fed. R.App. P. 28(a)(7) and Ninth Circuit Rule 28–2.8,

requiring factual assertions to be supported by references to the record. *See Han v. Stanford University,* 210 F.3d 1038, 1040 (9th Cir.2000) (dismissing appeal). However, to the extent we can discern Allan's remaining contentions, they are without merit.

**AFFIRMED.**