**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Edric JORDAN, Defendant–Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**Timothy Patrick, Defendant–Appellant.**

**Nos. 05–50907, 06–50028.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 7, 2006.*

Filed Dec. 11, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Joseph S. Smith, Jr., Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Douglas C. Brown, Esq., Nancy G. Kendall, Esq., Benjamin L. Coleman, Esq., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Edric Charles Jordan and Timothy Patrick appeal their jury trial convictions for

** This disposition is not appropriate for publication and may not be cited to or by the

conspiracy to possess with intent to distribute cocaine and for possession with intent to distribute cocaine. Jordan also appeals his conviction on two additional counts—possession with intent to distribute cocaine and possession with intent to distribute cocaine base. We now affirm. Because the parties are familiar with the facts and procedural history of this case, we need not recount them here.

## I. *Batson* Claim

Defendants objected to the prosecution's peremptory strike of one of three prospective black jurors based on her race.

We agree that the prosecutor's explanation was race neutral.[1] *See Purkett v. Elem*, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (noting that the explanation need not even be "persuasive, or even plausible"). Furthermore, the district court did not commit clear error when it found that there was no purposeful discrimination after noting that the prosecutor had not struck two other prospective black jurors in the venire. *See United States v. Chinchilla*, 874 F.2d 695, 698 n. 4 (9th Cir.1989).

## II. Reasonable Doubt Instruction

The district court gave the Ninth Circuit's model "reasonable doubt" instruction. *See Ninth Cir. Crim. Jury Inst.* 3.5 (2003). Both contend that the model instruction is defective.

Jordan cannot now challenge the use of Model Jury Instruction 3.5. He requested that it be given in the first place and therefore waived any error. *See United States v. Cain*, 130 F.3d 381, 383–84 (9th Cir.1997).

We review Patrick's claim for plain error. When Patrick proposed his alternative "reasonable doubt" instruction, he failed to offer any argument on why the model instruction was defective. *See United States v. Klinger*, 128 F.3d 705, 710 (9th Cir.1997) ("A defendant's mere proposal of an alternate instruction does not satisfy Rule 30's standard of specificity."). We have previously held that the giving of this exact instruction was not plain error. *See United States v. Ruiz*, 462 F.3d 1082, 1086–1087 (9th Cir.2006).

## III. Sufficiency of the Evidence (Jordan only)

Jordan contends that the evidence at trial was insufficient to convict him on Counts One and Two of the indictment. We will not upset the verdict if "after viewing the evidence in a light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Having reviewed the record, we find that the jury had sufficient evidence on both counts.

### A. Count One: Conspiracy to Possess

Viewing the evidence in a light most favorable to the government, we hold that a jury could reasonably find that Jordan and Patrick's level of coordination was beyond that of a simple buyer-seller arrangement, and instead conclude that Jordan was a member of the greater conspiracy.

*See United States v. Contreras–Contreras*, 83 F.3d 1103, 1105 (9th Cir.1996). As neither the Supreme Court nor the Ninth Circuit has extended the reach of *Batson* to peremptory challenges based on religion, any error here was not "plain."

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We reject the defendants' religion-based *Batson* objection to the prosecutor's explanation. No such objection was raised before the district court, thus we review for plain error.

## B.  Count Two: Possession

■ The basis for this charge was the 596 grams of cocaine found in Sharea Moore's car.  We find that Jordan can be held responsible for Moore's conduct under *Pinkerton* liability.  *See United States v. Long,* 301 F.3d 1095, 1103 (9th Cir.2002) (citing *Pinkerton v. United States,* 328 U.S. 640, 645–48, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946)).

## IV.  Improper Vouching (Jordan only)

■ Because no objection was made before the district court to the prosecution's closing argument, we review Jordan's claims for plain error.  *See United States v. Combs,* 379 F.3d 564, 568 (9th Cir.2004).  No such error is present.  The prosecutor's comments were *tied to the strength of the evidence,* not to the prosecutor's personal beliefs or prestige of the office.  *See United States v. Molina,* 934 F.2d 1440, 1445 (9th Cir.1991) (noting that the government has "the freedom to argue reasonable inferences based on the evidence").

## V.  Failure to Prove Drug Quantity Alleged in the Indictment (Jordan only)

Jordan contends that he was entitled to a judgment of acquittal on Count Four because the government did not prove an essential element of the offense—the drug quantity listed in the indictment.  We review this claim de novo.  *See United States v. Johnson,* 357 F.3d 980, 983 (9th Cir.2004).

■ The quantity allegation was not an element of the offense.  *See United States v. Toliver,* 351 F.3d 423, 431 (9th Cir.2003).  When the jury found Jordan responsible for less than the 50 grams, he "w[as] not entitled to a judgment of acquittal; rather, the district court was restricted in the maximum sentence it could impose."  *Id.*  As a result, this claim is without merit.

## VI.  Base Level Calculation (Patrick Only)

Patrick asserts that the district court miscalculated the quantity of cocaine—2 kilograms instead of 1.596 kilograms—under U.S.S.G. § 2D1.1.  Thus, his base offense level under the Guidelines should have been set at 26, not 28.

We review the district court's interpretation of the Guidelines de novo, the district court's application of the Guidelines to the facts of this case for an abuse of discretion, and the district court's factual findings for clear error.  *See United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir. 2005).

■ We see no error.  The district court was within its discretion in finding that two kilograms more accurately reflected the scale of the offense.  That is what Patrick paid for and thought he was getting.  It was mere happenstance that his purchase turned out to be a few ounces short.  This is in contrast to *United States v. Felix,* 87 F.3d 1057 (9th Cir.1996), in which a seller unilaterally delivered a lesser amount of drugs than was originally agreed to.

## VII.  Leader/Organizer Enhancement

■ Patrick also attacks the district court's reasons for applying the "organizer or leader" enhancement under U.S.S.G. § 3B1.1.  We review that determination for clear error.  *See United States v. Berry,* 258 F.3d 971, 977 (9th Cir.2001).

The district court offered the following reasons for the enhancement:

I believe that the evidence is overwhelming that Mr. Patrick was an organizer and leader of five or more.  He is very cool.  You could tell on the wire interceptions that took place during trial that he was not an excitable individual.  He was very cool, calm and collected.

His voice was generally relatively low and somewhat calm in his demeanor. And he was the center, I should say of—when a crisis or problem arose, Mr. Patrick seemed to take the leadership role as to how to proceed.

Now, I do believe that because of his role and what was demonstrated primarily by listening to the wire interceptions and also of the evidence, that he should be attributed the plus 4 *recommended by probation in the probation report and for the reasons set forth.*

(emphasis added).

Before applying the organizer/leader enhancement, the court must find that the defendant exercised "some degree of control or organizational authority over others." *United States v. Mares–Molina,* 913 F.2d 770, 773 (9th Cir.1990).

That Patrick had a calm demeanor during the intercepted conversations does not demonstrate a leadership capacity over other individuals in the conspiracy. The court did make conclusory statements about Patrick's leadership position, but they were divorced from any reference to specific events or portions of the record.

Nonetheless, the district court also said that it was applying the organizer/leader enhancement "recommended by probation in the probation report." Through this statement, the court adopted the presentence report's findings on Patrick's role in the offense. *See United States v. Rigby,* 896 F.2d 392, 394 (9th Cir.1990). The report concluded that "Patrick assumed the role of organizer and/or leader during several recorded phone calls, meetings and other activities in order to facilitate the drug distribution conspiracy." This assessment tracks the report's factual findings (and the evidence from the govern-

ment's wire intercepts presented at trial) showing that Patrick (i) coordinated the two deliveries of the cocaine first from Carlos Rodriguez and Paul Naehrine to Jason Lee McKittrick, then to him, and finally to Jordan and Moore, and (ii) organized a series of conversations with other conspirators about Moore's arrest and shortfalls in the deliveries from Rodriguez.

By adopting the presentence report, the district court made a sufficient factual record for its enhancement. Those findings were not clearly erroneous.

AFFIRMED.