**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LARRY D. ALEXANDER, | No. 08-16366 |
| Plaintiff - Appellant, | D.C. No. 2:03-cv-01014-LKK-KJM |
| v. | |
| PLAINER, Lt.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Submitted June 8, 2010[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Plaintiff-appellant Larry Alexander ("Alexander") appeals pro se from a jury

verdict in favor of several California correctional officers ("the officers").

Alexander sued the officers under 42 U.S.C. § 1983, alleging that the officers used

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

excessive force against him and attempted to induce him not to pursue any administrative remedies. On appeal, Alexander challenges the district court's conduct on several grounds, arguing that the court abused its discretion regarding jury selection, its decision not to subpoena a particular witness and Alexander's requests for library access and certain documents.

We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291, and we affirm.

The facts of this case are known to the parties. We do not repeat them.

## I

We review all of the issues raised in this appeal for an abuse of discretion. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1009 (9th Cir. 2004) (discovery); *Scott v. Lawrence*, 36 F.3d 871, 874 (9th Cir. 1994) (voir dire); *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (subpoena).

## II

When a party seeks to challenge the composition of a jury, that party must object "as soon as possible, preferably before the jury is sworn." *Dias v. Sky Chefs, Inc.*, 948 F.2d 532, 534 (9th Cir. 1991); *see also* 28 U.S.C. § 1867(c) (stating that a civil party must object "within seven days after the party discovered or could have discovered" the alleged jury composition error).

2

Here, Alexander raises this alleged jury composition error for the first time on appeal, more than a year after the jury verdict against him. His argument is untimely.

Even if Alexander had timely objected, he makes no showing that the district court systematically excluded African-Americans in the jury pool selection process. *See Duren v. Missouri*, 439 U.S. 357, 364 (1979).

## III

The district court's decision to deny Alexander's untimely motion to review some of the Defendants' personnel files was well within its discretion. Although the period for discovery motions in Alexander's case ended in January 2006, he did not move for review of the personnel files until May 2006, more than four months after the close of discovery.

Likewise, Alexander's claim that the district court abused its discretion as to his request for law library access is uncompelling. The record indicates that Alexander was able to access the law library, and therefore he fails to show that he suffered any "actual injury" from his alleged inability to access the law library. *Lewis v. Casey*, 518 U.S. 343, 349–350 (1996).

3

**IV**

The district court rightly exercised its discretion by denying Alexander's request to subpoena a particular correctional officer because Alexander did not pay the required witness and mileage fees for this particular officer. *See also Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir. 1989) (per curiam) (holding that 28 U.S.C. § 1915 does not entitle plaintiffs to "a waiver of witness fees"). Additionally, Alexander's citation to the Sixth Amendment is irrelevant to this § 1983 suit.

**AFFIRMED; Alexander's motion for appointment of counsel is DENIED.**