**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GREGG L. BARNES, | No. 10-56439 |
| Petitioner - Appellant, | D.C. No. 5:08-cv-00589-AG-RC |
| v. | |
| V. M. ALMAGER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted March 7, 2013
Pasadena, California

Before: THOMAS and HURWITZ, Circuit Judges, and BEISTLINE, Chief
District Judge.[***]

Gregg Barnes appeals the district court's denial of habeas corpus relief on

four federal constitutional claims challenging his California conviction for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[***]      The Honorable Ralph R. Beistline, Chief District Judge for the U.S.
District Court for the District of Alaska, sitting by designation.

manufacturing methamphetamine and possessing ephedrine or pseudoephedrine with intent to manufacture methamphetamine. We have jurisdiction under 28 U.S.C. §§ 1291, 2253. Because the California courts did not issue a reasoned decision on Barnes' constitutional claims, we must "perform an 'independent review of the record' to ascertain whether the state court decision was objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003) (quoting *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000)). We affirm the judgment of the district court.

I

The California Supreme Court did not unreasonably apply *Batson v. Kentucky*, 476 U.S. 79 (1986), in rejecting Barnes' claim that the prosecutor's use of peremptory strikes violated the Equal Protection Clause. 28 U.S.C. § 2254(d)(2).[1] The record fairly supports the conclusion that Barnes failed to

---

[1] Barnes did not waive his *Batson* claim by failing to timely object at trial. The record reflects that defense counsel raised the issue before the jury was sworn and the trial judge understood defense counsel's objection to be a *Batson* motion. This is adequate to preserve the claim. *See United States v. Contreras-Contreras*, 83 F.3d 1103, 1104 (9th Cir. 1996) (citations omitted) (holding that "a *Batson* objection must be made as soon as possible, and preferably before the jury is sworn"). We also agree with the parties that Barnes exhausted this claim by "fairly presenting" it in his final habeas petition to the California Supreme Court. *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (citing *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005)).

establish a prima facie case of racial discrimination. *Johnson v. Finn*, 665 F.3d 1063, 1071 (9th Cir. 2011). As such, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") bars relief. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (holding that review under 28 U.S.C. § 2254(d) "is limited to the record that was before the state court that adjudicated the claim on the merits").

Our decision in *Boyd v. Newland*, 467 F.3d 1139 (9th Cir. 2004), does not dictate a contrary result. Unlike in *Boyd*, there is no evidence that the state courts denied Barnes' request for a complete transcript of voir dire, *cf. id.* at 1142 (noting that California Court of Appeal denied Boyd's three explicit requests to supplement the record with the entire voir dire transcript), and Barnes cites no authority—let alone a holding of the United States Supreme Court—for the proposition that a state court entertaining a constitutional claim raised for the first time in a habeas petition must order the preparation of a complete voir dire transcript *sua sponte*. *See Stanley v. Schriro*, 598 F.3d 612, 617 (9th Cir. 2010) (affirming that, under AEDPA, "clearly established federal law" refers to the holdings of the United States Supreme Court).

II

The California Supreme Court reasonably rejected Barnes' claim that the prosecutor violated his right to due process by vouching for the credibility of

3

government witnesses at trial. We agree with Barnes that the prosecutor impermissibly vouched for the credibility of several police witnesses, as his assurances that they testified "honestly" placed "the imprimatur of the Government" on their veracity in a manner that risked "induc[ing] the jury to trust the Government's judgment rather than its own view of the evidence." *United States v. Young*, 470 U.S. 1, 18-19 (1985) (citation omitted). However, prosecutorial vouching rises to the level of constitutional violation only if it "'so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Prosecutorial vouching does not violate due process where the "remarks were 'invited' [by defense counsel's attack on the credibility of government witnesses], and did no more than respond substantially in order to 'right the scale'. . . ."). *Young*, 470 U.S. at 12-13 (footnote omitted).

The record reflects that the prosecutor's statements directly responded to defense counsel's attacks, "rendering it unlikely that the jury was led astray." *Id.* at 12 (footnote omitted). Thus, we cannot say that it was objectively unreasonable for the state court to find no due process violation.

III

4

The state court also reasonably rejected Barnes' claim that the trial judge violated his right to due process by coercing a verdict. As the district court correctly found, there is no evidence of coercion in the record, let alone proof that the trial judge's conduct "'had a substantial and injurious effect or influence in determining the jury's verdict.'" *Weaver v. Thompson*, 197 F.3d 359, 365 (9th Cir. 1999) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

Neither the trial judge's instruction that the jury foreperson return to deliberations after her colloquy with the judge, nor his subsequent instruction that the jury reconvene at a specified time the following morning, constituted an instruction to reach a verdict despite an impasse in deliberations. Even if these admonishments could be read as instructions to continue deliberating, that would not establish a due process violation. *Lowenfield v. Phelps*, 484 U.S. 231, 237 (1988); *Parker v. Small*, 665 F.3d 1143, 1147 (9th Cir. 2011) (per curiam).

Similarly, Barnes has not shown that the trial judge's ex parte contact with a juror violated his right to due process. To establish a due process violation, Barnes must demonstrate both a constitutional violation and prejudice. *Smith v. Curry*, 580 F.3d 1071, 1085 (9th Cir. 2009) (citing *Rushen v. Spain*, 464 U.S. 114, 117 (1983) (per curiam)). Even assuming that the trial judge's conduct was

5

unconstitutional, the juror was promptly replaced and there is no evidence of prejudice.

Finally, Barnes fails to identify Supreme Court authority to support his suggestion that these incidents, while not individually coercive, could cumulatively produce a due process violation.

IV

The record supports a plausible claim that Barnes' Sixth Amendment right to counsel was violated when his attorney refused to move for a new trial based on his own ineffectiveness and the trial court failed to meaningfully investigate defense counsel's potential conflict of interest. However, we are constrained by AEDPA to affirm the denial of relief, as there is no clearly established federal law imposing a duty of inquiry on the trial court under the circumstances of this case.

In *Mickens v. Taylor*, the Supreme Court clarified that, to date, its Sixth Amendment jurisprudence regarding attorney conflicts-of-interest has been limited to the special circumstances raised by defense counsel's representation of multiple co-defendants. 535 U.S. 162, 175-76 (2002). *Cuyler v. Sullivan*, 446 U.S. 335 (1980), which established a trial court's duty to investigate conflicts of which it is or should be aware, and articulated an exception from the requirement that a defendant show prejudice to obtain relief from a Sixth Amendment violation, does

6

not clearly apply outside the multiple-representation context. *See Mickens*, 535 U.S. at 176 (stating that *Sullivan*'s application outside the multiple-representation context is, "as far as the jurisprudence of [the Supreme Court is] concerned, an open question"); *see also Earp v. Ornoski*, 431 F.3d 1158, 1184 (9th Cir. 2005) (acknowledging *Mickens*' limitation of *Sullivan*). Thus, we cannot say that the California Supreme Court's denial of Barnes' Sixth Amendment claim was contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d); *Campbell v. Rice*, 408 F.3d 1166, 1170 (9th Cir. 2005) (en banc).

**AFFIRMED.**