**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY BROWN,

             Plaintiff - Appellant,

v.

COUNTY OF RIVERSIDE,

             Defendant - Appellee.

No. 10-56202

D.C. No. 5:07-cv-00491-RBL-OP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Ronald B. Leighton, District Judge, Presiding

Submitted February 6, 2014[**]

Before: LEAVY, GRABER, and W. FLETCHER, Circuit Judges.

    Plaintiff-Appellant Gregory Brown brought this action against his former

employer, Defendant-Appellee County of Riverside, alleging racial discrimination

in violation of  42 U.S.C. § 1981 and California state law.  Brown appeals from a

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jury verdict in the County's favor. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In May 2006, Brown was terminated from his employment with the Riverside County Waste Management Department, a subdivision of the County of Riverside, after allowing his minor child to ride a motorcycle at a waste dump facility owned and operated by his employer. Brown brought racial discrimination and retaliatory discharge claims related to his employment and subsequent termination. Brown's lawyer voluntarily dismissed his retaliation claims before trial.

Brown raises numerous claims on appeal, including (1) that the district judge was biased, (2) that the district court improperly allowed extensions, (3) that prospective jurors were challenged on account of their race in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), and (4) that the district court improperly excluded certain testimony. Brown also brings what appear to be claims challenging the litigation strategy of his trial counsel. Finally, Brown claims that the evidence warrants reversal of the jury verdict.

Brown provides little in the way of factual or legal support for his claims. Brown's allegation of bias on the part of the district judge is wholly unsupported by the record. He does not identify any particular extensions as improper, and it

does not appear from the record that the court granted an inordinate number of extensions or continuances.

Brown's trial counsel failed to raise any objection to defense counsel's peremptory challenges, and the record on appeal does not indicate which jurors were stricken as a result of defense counsel's challenges. We therefore cannot say that the district court plainly erred in allowing these challenges. *See United States v. Contreras-Contreras*, 83 F.3d 1103, 1105 (9th Cir. 1996) (applying plain error analysis to a *Batson* claim where no objection was raised at trial).

The district court did not abuse its discretion in excluding evidence of an unrelated incident involving Brown's former supervisor and two County of Riverside employees. Nor did it abuse its discretion in excluding testimony relating to an alleged incident of misconduct by County personnel that occurred after Brown's termination.

Brown's remaining claims are similarly unavailing.

Brown appears to be dissatisfied with his trial counsel's decision to voluntarily dismiss his retaliation claims. Because those claims were not presented to the trial court, we cannot review them here. *See Padgett v. Wright*, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam).

Finally, the jury's verdict was supported by substantial evidence. "Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion even if it is possible to draw two inconsistent conclusions from the evidence." *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1371 (9th Cir. 1987).

County of Riverside asserts that Brown's appeal was frivolous, and seeks an award of attorney's fees as a sanction. Although we have discretion to award attorney's fees as a sanction against frivolous appeals, *see* Fed. R. App. P. 38, "we are reluctant to impose penalties against any litigant, particularly one appearing pro se." *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) (per curiam). We decline to do so here.

**AFFIRMED.**