NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAUL BARRIOS PEREZ, | No. 16-15558 |
| Plaintiff-Appellant, | D.C. No. 1:07-cv-01794-BAM |
| v. | MEMORANDUM[*] |
| DILL, Assistant Warden; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding[**]

Submitted May 8, 2017[***]

Before:    REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

California state prisoner Saul Barrios Perez appeals pro se from the district

court's judgment following a jury verdict in favor of defendants in his 42 U.S.C.

§ 1983 action alleging conditions of confinement claims.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review "independently and non-deferentially a challenge to the composition of grand and petit juries," *Thomas v. Borg*, 159 F.3d 1147, 1149 (9th Cir. 1998) (citation and internal quotation marks omitted), and for an abuse of discretion a district court's sanctions under Federal Rule of Civil Procedure 16(f). We affirm.

Contrary to Perez's arguments that the composition of his civil jury violated the Sixth and Fourteenth Amendments, there is no evidence in the record showing that there was a discriminatory intent in composing the jury or that there was a distinctive group in the community that was systemically excluded from the jury process. *See Thomas*, 159 F.3d at 1149-50 (requirements for Sixth and Fourteenth Amendment challenges to a jury composition).

The district court did not plainly err in failing to deny sua sponte defendants' peremptory challenges as improperly motivated by race because there were race-neutral reasons for the exclusion of those jurors. *See United States v. Contreras-Contreras*, 83 F.3d 1103, 1104-06 (9th Cir. 1996) (standard of review and explanation of plain error standard).

The district court did not abuse its discretion in sanctioning Perez for failing to comply with its scheduling order because Perez failed to file his pretrial statement in a timely manner. *See* Fed. R. Civ. P. 16(f) (permitting court to sua sponte issue sanctions based on party's failure to comply with pretrial order); *see*

*also Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) (standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-15558